𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## NANCY CUNNINGHAM

v.

## COMMONWEALTH OF VIRGINIA

October 6, 1978.

Record No. 780027.

Present: All the Justices.

*Douglas K. Baumgardner (Lea, Davies, Crigler & Barrell,* on brief) for appellant.

*Todd E. LePage, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief) for appellee.

I'ANSON, C.J., delivered the opinion of the Court.

Nancy Cunningham*, defendent, was convicted by the court, sitting without a jury, of larceny by false pretenses and she was sentenced to four years in the penitentiary. The sentence was suspended and defendant was placed on probation.

Defendant contends that the evidence was insufficient to sustain the conviction.

The Commonwealth's evidence shows that in the late afternoon of Friday, November 21, 1975, the defendant went to Mountain View Chevrolet to purchase a car. Defendant was interested in a 1969 Chevelle equipped with chrome wheels. She was told by Elvin Graves, Jr., owner of the business, that the car's chrome wheels would not be sold with the car, but that he would replace them with wheels from a different car. The defendant agreed to take the other wheels and gave Graves her check for $1,100, the purchase price of the car. Graves then assigned the certificate of title to the automobile to the defendant, and at approximately 4:45 p.m. he called the local office of the Division of Motor Vehicles to determine whether the defendant would be able to complete the registration process that day.

Leaving the car on the premises, defendant left Mountain View Chevrolet. Rather than going to the Division of Motor Vehicles

---

* Also known as Nancy Ann Cunningham.

office, she went immediately to her bank, and by 5:30 p.m. had stopped payment on the check payable to Mountain View Chevrolet, citing "broken agreement" as the reason therefor. The defendant had sufficient funds in her account to cover the amount of the check.

Later that evening, the defendant returned to Mountain View Chevrolet and told Graves that she wanted her check returned to her. Graves advised the defendant that his secretary had taken the check home, but he would return it to her the next day. During this discussion, defendant stated that she did not want the car because she was not getting the chrome wheels. Graves finally told defendant that he would let her have the chrome wheels, but she stated that she did not want the car and would return the next morning to get her check back.

When defendant returned to Mountain View Chevrolet on Saturday morning, she told Graves that she had transferred the license tags and that she wanted the car rather than the check. The defendant then took delivery of the car. The defendant never mentioned to Graves that she had stopped payment on the check.

Defendant's brother testified that he was with the defendant when she went to Mountain View Chevrolet on Friday afternoon to purchase the car; that Graves did not deliver the title to the car until the next morning when defendant paid Graves $1,100 in cash; and that defendant's father then drove the car off the lot.

Defendant testified that when she talked to Graves on Friday night she told him that he "might as well give [her] the check because [she] had already signed to stop payment." She also said that she paid cash when she received the car on Saturday morning.

Defendant argues that the alleged offense was necessarily consummated on Friday afternoon when she obtained title and that she then lacked fraudulent intent which was essential to the crime.

To sustain a conviction of larceny by false pretenses, the Commonwealth must prove beyond a reasonable doubt: "(1) an intent to defraud; (2) an actual fraud; (3) use of false pretenses for the purpose of perpetrating the fraud; and (4) accomplishment of the fraud by means of the false pretenses used for the purpose,

that is, the false pretenses to some degree must have induced the owner to part with his property." *Riegert* v. *Commonwealth*, 218 Va. 511, 518, 237 S.E.2d 803, 807 (1977), quoting from *Bourgeois* v. *Commonwealth*, 217 Va. 268, 272, 227 S.E.2d 714, 717 (1976).

█ Fraudulent intent must also be shown to have existed at the time the false pretenses were made to obtain the property. To determine this intent, the conduct and representations of the defendant must be scrutinized. *Riegert*, 218 Va. at 518-19, 237 S.E.2d at 808.

█ An essential element of larceny by false pretenses is that both title to and possession of property must pass from the victim to the defendant (or his nominee).

> "That principle that, so long as the defrauded party retains either title or control over the property, the crime of obtaining is not consummated, has general support both in reason and authority." *Bates* v. *State,* 124 Wis. 612, 617, 103 N.W. 251, 253 (1905).

*See also Zarate* v. *People*, 163 Colo. 205, 208, 429 P.2d 309, 311 (1967); *State* v. *Sabins*, 256 Iowa 295, 300, 127 N.W.2d 107, 110 (1964); *State* v. *Edwards*, 51 W. Va. 220, 224, 41 S.E. 429, 431 (1902); 32 Am. Jur. 2d, *False Pretenses*, § 36, at 199 (1967); 2 Burdick, Law of Crime § 639, at 480 (1946); 2 Wharton, Criminal Law and Procedure § 601, at 357 (1957).

█ Viewed in the light most favorable to the Commonwealth, the evidence showed that immediately following the transaction on Friday afternoon, the defendant stopped payment on the check. Later that evening, she returned to Mountain View Chevrolet, and after a discussion with Graves in which it was not revealed to him that payment had been stopped on the check, the parties agreed to the rescission of the contract of purchase and to the return of defendant's check to her the next morning. Thus, control of the vehicle remained with the company. When the defendant appeared on Saturday morning, she stated that she wanted the car, rather than the return of her check, and that she had purchased the license tags that morning. Since Graves had defendant's check for the purchase price, he delivered possession of the car to the defendant and her father drove it off the lot. Defendant concealed

the fact at the time that she had stopped payment on the check. Thus, defendant obtained possession of the car with fraudulent intent on Saturday morning.

The record is replete with indicia of the defendant's fraudulent intent, and it supports the findings of the trial court. The conduct and representations of the defendant show that the crime of larceny by false pretenses was consummated that Saturday morning. When defendant obtained possession of the car by concealing the fact that she had stopped payment on the check, the offense of larceny by false pretenses was complete.

For the reasons stated, the judgment is

*Affirmed.*