COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Annunziata
Argued at Alexandria, Virginia


ROBERT EUGENE LEE
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0770-97-2     JUDGE JERE M. H. WILLIS, JR.
                                        FEBRUARY 24, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                  William H. Ledbetter, Jr., Judge

          James J. Ilijevich (Office of the Public
          Defender, on brief), for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (Richard Cullen, Attorney General, on
          brief), for appellee.


     Robert Eugene Lee contends that the evidence is insufficient

to support his conviction of obtaining money by false pretenses

with the intent to defraud in violation of Code § 18.2-178.  We

agree, and reverse.

                              I.

     Margaret Dahmen rented rooms in her Spotsylvania County home

to Lee and his wife, Carol Lee.  On or about November 1, 1995,

Carol told Mrs. Dahmen that she had inherited some money and

showed Mrs. Dahmen a letter from a New York attorney reporting a

possible distribution to her.  Lee was not present at this

conversation.  Carol asked whether she could deposit the funds in

Mrs. Dahmen's savings account.  Mrs. Dahmen agreed and gave Carol

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

her account number so that the attorney could wire the funds directly to that account.

On November 7, 1995, Carol told Mrs. Dahmen, in the presence of Lee, that money had been wired to the account. Carol then asked for a check for $2,500 so that she could pay a medical bill. Mrs. Dahmen handed a blank check to Carol who handed it to Lee. Lee then filled out the check at Mrs. Dahmen's request, and she signed it.

Two days later, Carol told Mrs. Dahmen that she and Lee were going away for a few days. Mrs. Dahmen never saw them again. She discovered thereafter that no money had been deposited into her account on behalf of Carol. However, the check made payable to Lee had been cashed.

## II.

The judgment of a trial court sitting without a jury will not be set aside unless it is plainly wrong or without evidence to support it. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). When the sufficiency of the evidence is challenged on appeal, "it is our duty to look to that evidence which tends to support the verdict and to permit the verdict to stand unless plainly wrong." Snyder v. Commonwealth, 202 Va. 1009, 1116, 121 S.E.2d 452, 457 (1961).

Viewing the evidence in the light most favorable to the Commonwealth, Martin, 4 Va. App. at 443, 358 S.E.2d at 418, we find that the Commonwealth failed to prove beyond a reasonable

doubt that Lee knew that his wife's money had not been deposited in Mrs. Dahmen's account. "To sustain a conviction of larceny by false pretenses, the Commonwealth must prove: (a) that the accused intended to defraud; (b) that a fraud actually occurred; (c) that the accused used false pretenses to perpetrate the fraud; and (d) that the false pretenses induced the owner to part with his property." Wynne v. Commonwealth, 18 Va. App. 459, 460, 445 S.E.2d 160, 161 (1994) (en banc) (citation omitted).

Lee made no representation to Mrs. Dahmen concerning the inheritance or its deposit into her savings account. Thus, the Commonwealth was required to produce circumstantial or direct evidence proving that he had such guilty knowledge as to prove his knowledge of the falsehood at the time Carol made the false statement. See Sult v. Commonwealth, 221 Va. 915, 275 S.E.2d 608 (1981) (holding evidence failed to show principal's knowledge of fraud); Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (concluding that participation in purchase, sale and transfer of vehicles showed knowledge); Cunningham v. Commonwealth, 219 Va. 399, 402-03, 247 S.E.2d 683, 685 (1978) (finding that defendant concealed fact that she stopped payment on check to obtain possession of car).

No such knowledge, inferred or otherwise, was shown. Lee's mere presence and filling out the check at Mrs. Dahmen's request did not prove that he had knowledge of the underlying deception at the time Carol made the false statements. See Riegert v.

<u>Commonwealth</u>, 218 Va. 511, 518-19, 237 S.E.2d 803, 808 (1977) (fraudulent intent must have existed at the time the false statement was made).  While public policy seeks free and confidential communication between husband and wife, <u>see</u> <u>Edwards v. Commonwealth</u>, 20 Va. App. 470, 474-75, 457 S.E.2d 797, 799-800 (1995), we cannot presume that information known to one is known to the other.

Accordingly, the conviction is reversed and the charge is dismissed.

<u>Reversed and dismissed.</u>