COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Willis and Bumgardner
Argued at Richmond, Virginia


TRACY M. BOLDEN
                                                OPINION BY
v.         Record No. 2036-97-2      JUDGE JERE M. H. WILLIS, JR.
                                           NOVEMBER 24, 1998
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF HENRICO COUNTY
                       George F. Tidey, Judge

           John W. Parsons (Law Office of Wood &
           Wood, P.C., on brief), for appellant.

           Robert H. Anderson, III, Assistant Attorney
           General (Mark L. Earley, Attorney General, on
           brief), for appellee.


     On appeal from her conviction of obtaining an automobile by

false pretenses in violation of Code § 18.2-178, Tracy M. Bolden

contends that the evidence failed to prove that by virtue of her

fraud, both title to and possession of the automobile passed to

her from the Toyota Motor Credit Corporation (Toyota).[1]  We agree

and reverse her conviction.

                                I.
           On appeal, we review the evidence in the
           light most favorable to the Commonwealth,
           granting to it all reasonable inferences
           fairly deducible therefrom.  The judgment of
           a trial court sitting without a jury . . .
           will not be set aside unless it appears from
           the evidence that the judgment is plainly
           wrong or without evidence to support it.

_____

     [1]Bolden was convicted also of forgery and uttering.
However, she has appealed only her conviction for larceny by
false pretenses.

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987) (citation omitted).

On February 29, 1996, Bolden received a loan from Toyota to finance her purchase of a 1996 Toyota RAV-4 motor vehicle. The vehicle's certificate of title listed Bolden as the owner and Toyota as the lienholder.

On July 5, 1996, Bolden went to a branch office of the Department of Motor Vehicles (DMV) in Henrico County and applied for a duplicate certificate of title to the vehicle. See Code § 46.2-607. She presented a letter purportedly from Toyota stating that she had satisfied the lien on the vehicle. Based upon her application and the letter, DMV issued Bolden a duplicate certificate of title, showing no lien, and revised its records to reflect that Toyota's lien had been satisfied.

In fact, Bolden had made no payment on the loan. John Gregory Kirby, a Toyota customer service supervisor, testified that Toyota had not mailed the lien release statement to Bolden and that the letter presented by Bolden to DMV was not from Toyota. He testified that in the normal course of business, Toyota would issue a lien release letter only if the loan was paid in full and the title to the vehicle had been misplaced. Because Bolden had not paid her loan in full, Toyota retained the certificate of title. Bolden admitted to Special Agent Taylor Jones of the Virginia State Police that she had falsified the letter in order to obtain a lien-free duplicate certificate of

- 2 -

title so that she could sell the vehicle.

II.

The indictment charged that Bolden

> on or about July 5, 1996 . . . did obtain, by
> false pretenses, from Toyota Motor Credit
> Corporation, a 1996 Toyota, RAV-4,
> VIN#JT3HP10V9T0081119, with a value in excess
> of $200.00, in violation of Virginia Code
> § 18.2-178 . . . .

The indictment does not charge and the Commonwealth does not argue that Bolden originally obtained the car from the dealership by false pretenses, only that she obtained it from the lienholder by false pretenses. Bolden contends that the Commonwealth failed to prove that she obtained the 1996 Toyota RAV-4 motor vehicle from Toyota by false pretenses. She argues that prior to her alleged fraud, Toyota did not own or possess the vehicle. Rather, she contends, she owned and possessed it, subject to the lien. We agree.

A.

> In a prosecution for larceny by false pretenses,
> the Commonwealth must prove:  (a) that the
> accused intended to defraud; (b) that a fraud
> actually occurred; (c) that the accused used
> false pretenses to perpetrate the fraud; and
> (d) that the false pretenses induced the
> owner to part with his property.

Wynne v. Commonwealth, 18 Va. App. 459, 460, 445 S.E.2d 160, 161 (1994) (en banc) (citations omitted). "The gravamen of the offense . . . is the obtainment of ownership of property, by false representations or pretenses." Quidley v. Commonwealth, 221 Va. 963, 966, 275 S.E.2d 622, 624 (1981) (citations omitted).

"An essential element of larceny by false pretenses is that both title to and possession of property must pass from the victim to the defendant (or his nominee)."  Cunningham v. Commonwealth, 219 Va. 399, 402, 247 S.E.2d 683, 685 (1978).

B.

Bolden fraudulently acquired a duplicate certificate of title indicating no lien on the vehicle.  She used the fraudulently obtained certificate of title to sell the vehicle for value to a bona fide purchaser, to the detriment of the lienholder.  See Toyota Motor Credit Corp. v. C.L. Hyman Auto Wholesale, Inc., __ Va. __, __, __ S.E.2d __, __ (1998).  At the time Bolden acquired the new certificate of title, Toyota neither owned nor possessed the vehicle.  It merely held a lien that was recorded on the title.  Thus, Bolden did not obtain ownership or possession of the vehicle from Toyota by virtue of the fraud perpetrated on DMV.

The dispositive issue is whether title to and possession of the vehicle passed from Toyota to Bolden when she fraudulently obtained a duplicate certificate of title from DMV.  "The owner of an automobile is the party who has legal title to it."  Hall, Inc. v. Empire Fire & Marine Ins. Co., 248 Va. 307, 309, 448 S.E.2d 633, 635 (1994).  See Code § 46.2-100 (defining "owner" as "a person who holds legal title to a vehicle"); First Virginia Bank v. Sutherland, 217 Va. 588, 593, 231 S.E.2d 706, 709 (1977) (decided under predecessor to Code § 46.2-100).  The certificate

of title showed Bolden as owner, designating that she held legal title to the vehicle.  A certificate of title serves not only as a substitute recording system but also as evidence of ownership. See Travelers Indem. Co. v. Nationwide Mut. Ins. Co., 227 F. Supp. 958, 963 (W.D. Va. 1964).  Thus, when Bolden fraudulently obtained the duplicate title, she was already the owner of the vehicle and already possessed it.

Title passed to Bolden upon the delivery of the vehicle to her and issuance of the original certificate of title.  See Code § 46.2-628; Nationwide Ins. Co. v. Storm, 200 Va. 526, 529, 106 S.E.2d 588, 590 (1959).  Cf. Davies v. Commonwealth, 15 Va. App. 350, 353, 423 S.E.2d 839, 841 (1992) (title passes upon seller's delivery of goods in retail sales transaction).  Bolden's fraudulent procurement or receipt of the duplicate certificate effected no further delivery of the vehicle or transfer of title to her.  Code § 46.2-628, entitled "How certificate of title transferred," provides, in relevant part:

> The owner of a motor vehicle . . . registered under this chapter, when transferring or assigning his title or interest thereto, shall fully and correctly endorse the assignment and warranty of title on the certificate of title of the motor vehicle . . . to its purchaser, with a statement of all security interests on it, and shall deliver the certificate to the purchaser or transferee at the time of delivering the motor vehicle . . . .

Id.  Bolden was the legal owner of the vehicle both prior to and subsequent to her fraudulent conduct.

Toyota's physical possession of the certificate of title did not give it ownership of the vehicle.  The "owner" of a vehicle is required by statute to obtain a certificate of title or ownership, Code § 46.2-600, and to deliver it to the person holding a security interest.  Code § 46.2-641.  Upon satisfaction of all security interests by the owner, "the certificate of title shall be delivered . . . to the owner."  Id.  Although Toyota kept physical possession of the certificate of title, it never held title to the vehicle.  See Toyota, __ Va. at __, __ S.E.2d at __.

Toyota never had possession or ownership of the vehicle.  Toyota never asserted a right to repossess it.  See Code § 8.9-503 (codifying secured party's right to take possession after default).  Bolden maintained actual and uninterrupted possession of the vehicle before, during and after her receipt of the duplicate certificate.

Under Code § 18.2-178, a thief may not steal by false pretenses from his own lawful possession.  But see Code § 18.2-115 (criminalizing fraudulent disposal of property subject to lien).  Because Bolden's fraud resulted in neither title nor possession of the vehicle passing from Toyota to her, we reverse her conviction for larceny by false pretenses and dismiss the charge.

Reversed and dismissed.