COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Willis and Senior Judge Cole
Argued at Richmond, Virginia


JAMES D. MORTON

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 0864-98-4            JUDGE MARVIN F. COLE
                                            JULY 20, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                 William Shore Robertson, Judge

        S. Jane Chittom, Appellate Counsel (Elwood
        Earl Sanders, Jr., Appellate Defender; Public
        Defender Commission, on briefs), for
        appellant.

        Donald E. Jeffrey, III, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


     James D. Morton, appellant, appeals his conviction for

defrauding a restaurant in violation of Code § 18.2-188.

Appellant contends the evidence was insufficient to prove his

intent to cheat or defraud within the meaning of Code § 18.2-188.

We disagree and affirm.

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  Archer v.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

(citation omitted).  "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."  Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

So viewed, the evidence showed that appellant planned a surprise party for his wife to be held at "The Copper Bit" on Monday, August 5, 1997.  The general manager of "The Copper Bit," Dwayne White, agreed to let appellant use "The Copper Bit" for the party and to sell appellant a keg of beer for his guests.  White also agreed to book a band.  Appellant agreed to reimburse White for the band's cost.

Appellant gave White a check dated July 31, 1997 for $450 to reimburse White for the band.  Appellant asked that White wait to deposit the check until appellant's paycheck arrived.  On August 2, appellant stopped payment on the check.  On August 4, the day before the party, appellant told White that he wanted to cancel the party.  White said it was too late and that the band was already booked.  Appellant said, "[O]kay, we will see you Monday night then."  Appellant agreed to pay for the keg of beer and pay for the band, but cancelled his order for party food.  Appellant never told White that he had stopped payment on the check for the band.

-

On Monday, August 5, 1997, appellant and his wife, and approximately 50-70 invited guests, attended the party.  White did not "charge a cover" from appellant's guests because appellant "paid for the band.  It was his party."  Sometime after the party, a bank representative called and informed White of the stop payment order on appellant's check.  White asked appellant to "make [the check] good."  Appellant agreed to pay White, but never made any payments.  During the last contact White had with appellant, appellant said, "F.U.  Get an attorney.  You are not getting any money from me."

Pursuant to Code § 18.2-188, it is unlawful for a person, without paying, to procure entertainment from a restaurant with the intent to cheat or defraud.  A person who obtains entertainment and the benefits of that entertainment, without intending to pay for it, has violated Code § 18.2-188.  See Roger D. Groot, Criminal Offenses and Defenses in Virginia 195 (3d ed. 1994).  In order to determine whether the person had the requisite intent, the person's conduct and representations must be scrutinized.  See Cunningham v. Commonwealth, 219 Va. 399, 402, 247 S.E.2d 683, 684 (1978).

In Cunningham, the evidence showed that Nancy Cunningham went to a dealership to purchase a car and gave the dealer a check for $1,100.  Thereafter, Cunningham stopped payment on the check.  Later that day, Cunningham returned to the dealership, agreed with

-

the dealer to rescind the contract, and the dealer agreed to return Cunningham's check the next day.  Cunningham never revealed to the dealer that she had stopped payment on the check.  The next day, Cunningham returned to the dealership, said she wanted the car rather than the return of her check, and said she had purchased license tags for the new car.  Because the dealer had Cunningham's check, he delivered possession of the car to her.  Cunningham concealed the fact that she had stopped payment on the check.  The Court found that Cunningham obtained possession of the car with fraudulent intent.  The Court stated:

> The record is replete with indicia of the defendant's fraudulent intent, and it supports the findings of the trial court. The conduct and representations of the defendant show that the crime of larceny by false pretenses was consummated . . . . When defendant obtained possession of the car by concealing the fact that she had stopped payment on the check, the offense of larceny by false pretenses was complete.

Id. at 403, 247 S.E.2d at 685.

In the present case, appellant tried to cancel the party but was told it was too late to cancel the band.  Appellant agreed to pay for the beer and band, but cancelled his order for the party food.  Appellant never told White that he had stopped payment on the check.  Even though he had stopped payment on the check, appellant, his wife, and their 50-70 invited guests went to "The Copper Bit" on the night of the party and obtained the

-

benefits of the band's entertainment.  The fact that appellant had already stopped payment on the check was proof of his intent not to pay for the entertainment.  Appellant's conduct and representations showed that the crime of defrauding a restaurant was complete when he accepted the benefits of the band's entertainment while concealing the fact that he had stopped payment on the check written to cover the cost of the band.

We conclude that the evidence was sufficient to support the finding of intent to defraud, and we affirm the conviction.

<u>Affirmed</u>.