## Richmond

## GAIL QUIDLEY

### v.

## COMMONWEALTH OF VIRGINIA

March 6, 1981.

Record No. 800399.

Present: Carrico, C.J., Harrison, Cochran, Poff, Compton, Thompson, JJ., and Harman, S.J.

*John B. Gaidies* (*J. Barbour Rixey,* on brief), for appellant.
*William H. Hurd, Assistant Attorney General* (*Marshall Coleman, Attorney General,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

Indicted for larceny by false pretense, Code § 18.2-178, a felony, defendant Gail Quidley was convicted in a bench trial of obtaining property, valued at less than $100, by false pretense with intent to defraud, a misdemeanor.* She appeals the December 1979 judgment of conviction sentencing her to confinement in jail for 12 months, with 11 months conditionally suspended, and a fine of $1,000. Defendant attacks the sufficiency of the evidence, but the main issue on appeal is whether there was a variance between the allegations of the indictment and the proof.

Viewing the evidence in a light most favorable to the Commonwealth, the record discloses that on March 25, 1977, defendant and an accomplice, both employed by the Norfolk Social Service Bureau, entered a J. C. Penney Company, Inc., store in that city, ostensibly to procure children's clothing for a welfare recipient. Previously, Hattie Williams, who was receiving public assistance funds, had experienced a fire at her residence that destroyed some contents including personal clothing of Williams' children. Using an apparently valid City welfare "Purchase Order" form, which authorized the store as "vendor" to furnish clothing to Williams, defendant and her companion obtained possession of various items of children's wearing apparel having a total value of less than $100. The "Purchase Order" contained forged signatures of both Williams and a social worker as well as defendant's genuine signature as a "supervisor." Two sales slips used during the purchases bore the fraudulent signature of

---

* In pertinent part, Code § 18.2-178 provides:

If any person obtain, by any false pretense or token, from any person, with intent to defraud, money or other property which may be the subject of larceny, he shall be deemed guilty of larceny thereof; . . . .

Williams. Defendant knowingly used the bogus documents, portions of which she had prepared, to procure the goods.

Upon leaving the store with the merchandise in large bags, defendant gave several of the articles to the accomplice in a nearby parking lot and placed the remaining items in the trunk of defendant's automobile. Williams did not receive any of the items purchased from the store. By inference, the evidence shows that defendant appropriated the clothing to her own use. Defendant denied both removing the clothing from the store and that she purloined it.

Employing the "Purchase Order" and supporting documentation in the usual course of business, the Penney Company eventually received full payment for the clothing by check dated in May of 1977, drawn on the City of Norfolk Public Assistance Fund.

■ Initially, we reject out of hand defendant's contention that the Commonwealth failed to prove beyond a reasonable doubt larceny by false pretense. The evidence was abundant to prove each of the elements of the crime; that is, an intent to defraud, an actual fraud, use of false pretenses for the purpose of perpetrating the fraud, and accomplishment of the fraud by means of the false pretenses used for that purpose. *Riegert* v. *Commonwealth*, 218 Va. 511, 518, 237 S.E.2d 803, 807 (1977).

■ As to the central issue on appeal, the April 1979 indictment read in pertinent part as follows:

> The Grand Jury charges that: On or about March 25, 1977, in the City of Norfolk, GAIL QUIDLEY did obtain by false pretense, with intent to defraud, property, namely: assorted clothing, having a value of $100.00 or more, belonging to J. C. Penney's Company.

Defendant contends that notwithstanding the Commonwealth may have proven each of the elements of the crime, a fatal variance exists between the allegations and the proof. Defendant says the indictment charges her with obtaining property from the Penney Company by false pretense yet "the proof shows that the property was defrauded from Norfolk Social Service Bureau" or, in the alternative, from Hattie Williams. Noting that the Penney Company received payment for the goods, defendant contends there "can be no larceny from someone when that person has been compensated for the items released." Defendant argues that because the Social Service Bureau paid for clothing for a recipient who never received it, Williams and the Bureau have been defrauded but not the Penney Company. We

do not agree. The defendant misconstrues the nature of this statutory crime.

The gravamen of the offense, as pertinent to these facts, is the obtainment of ownership of property, by false representations or pretenses. R. Perkins, *Criminal Law* 306 (2d ed. 1969); 3 *Wharton's Criminal Law* § 423 at 455-56 (14th ed. 1980). *See Gilmore* v. *United States,* 273 F.2d 79, 82 (D.C. Cir. 1959). But there is no requirement that the intended victim suffer actual pecuniary loss. *Gilmore* v. *United States,* 273 F.2d at 83; *State* v. *Armstrong,* 183 N.W.2d 205, 207 (Iowa 1971); *State* v. *Sargent,* 2 Wash.2d 190, 193, 97 P.2d 692, 693 (1940). Ultimate financial gain or loss to the victim is immaterial.

The crime is complete when the fraud intended is consummated by obtaining the property sought by means of the false representations, *State* v. *Armstrong, supra;* and the offense is not purged by ultimate restoration or payment to the victim. *Commonwealth* v. *Ferguson,* 135 Ky. 32, 36, 121 S.W. 967, 968 (1909); Perkins at 314. It is sufficient if the fraud of the accused has put the victim in such a position that he may eventually suffer loss. *State* v. *Sargent,* 2 Wash. 2d at 194, 97 P.2d at 693.

[3] In the present case, when defendant obtained ownership of the goods (albeit voidable because of her fraud) from the Penney Company through use of the fraudulent documents, the crime charged was complete at that instant. There was no guarantee that the bogus papers would pass unchallenged through normal business channels resulting in ultimate payment by the City of Norfolk from its Public Assistance Fund. Thus, the Penney Company was placed by defendant's fraud in a position that it might suffer loss through refusal of the City to honor Penney's request for payment of the goods it had delivered to defendant. The fact that ultimately Penney's suffered no loss is irrelevant.

Returning to the indictment, we see that the Commonwealth has proved all the necessary elements alleged; that is, defendant obtained by false pretense, with intent to defraud, property of value belonging to the Penney Company. Accordingly, there was no variance between the averments and the proof.

Consequently, we find no error in the judgment of conviction and it will be

*Affirmed.*