## Alexandria

RALPH DONALD DAVIES, a/k/a

BRIAN STARK

v.

COMMONWEALTH OF VIRGINIA

No. 0969-91-4

Decided November 24, 1992

COUNSEL

Steven T. Webster, for appellant.

Janet F. Rosser, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, C.J.**—In a jury trial, Ralph Donald Davies (Davies) was convicted of two counts of grand larceny by false pretenses. On appeal, he contends that (1) the trial court erred in refusing to instruct the jury that it must find that Davies obtained title to the property, and (2) the evidence was insufficient to prove that title to the property passed. For the reasons that follow, we hold that although the trial court erred in instructing the jury regarding the elements of the offense, the error was harmless. We also hold that sufficient evidence supports the convictions.

On August 21, 1990, Davies filed a credit application in the name of Brian Stark at a Circuit City store. He produced an identification card in the name of Brian Stark. Upon approval of his credit application, Davies purchased on credit a camcorder, a tripod and a car stereo. The value of this property totaled $1,306.16. Davies signed the sales slip acknowledging his receipt of the property and took it from the store premises.

On the same day, Davies also filed a credit application in the name of Brian Stark at a Luskins store. He was approved for credit and purchased on credit a camcorder with a selling price of $799.99. He then removed the camcorder from the store.

On both credit applications, Davies claimed to be Brian Stark, an attorney employed by the firm of Tate and Bywater. However, neither ''Brian Stark'' nor Davies had ever been employed by that firm. On September 5, 1990, Davies admitted that Brian Stark was not his real

name. He further admitted that he had obtained the identification bearing that name from the Division of Motor Vehicles by presenting items taken from a wallet he had found. He then consulted a telephone book to locate someone with the same name so that he could provide an address on the applications.

At trial, Davies offered instruction "F," which would have required the jury, in order to find Davies guilty of grand larceny by false pretenses, to find that the owner of the property parted with both "possession of and title to" the property. Over the objection of defense counsel, the trial court deleted the words "and title to" and granted the instruction as amended.[1] Davies assigns error to the trial court's refusal to instruct the jury that the owner must be deprived of both possession of and title to the property. Moreover, he contends that the evidence was insufficient to prove that the stores parted with title to the property.

▇▇▇ "It is elementary that a jury must be informed as to the essential elements of the offense; a correct statement of the law is one of the 'essentials of a fair trial.'" *Darnell v. Commonwealth*, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting *Dowdy v. Commonwealth*, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979)). "'An essential element of larceny by false pretenses is that both title to and possession of property must pass from the victim to the defendant.' . . . 'The gravamen of the offense . . . is the obtainment of ownership of property.'" *Bray v. Commonwealth*, 9 Va. App. 417, 424, 388 S.E.2d 837, 840 (1990) (citations omitted). *See also Quidley v. Commonwealth*, 221 Va. 963, 966, 275 S.E.2d 622, 624 (1981); *Cunningham v. Commonwealth*, 219 Va. 399, 402, 247 S.E.2d 683, 685 (1978). The requirement that the defendant obtain ownership of the property, rather than mere possession, distinguishes the offense of larceny by false pretenses from the offense of larceny. Therefore, the trial court's refusal to instruct the jury regarding the essential elements of the offense was error.

---

[1] The amended instruction directed the jury that it must find Davies guilty of each of the following elements beyond a reasonable doubt:

(1) That the defendant made a false representation of a past event or an existing fact; and

(2) That when the representation was made, the defendant had an intent to defraud the owner by causing it to part with the possession of its property; and

(3) That because of the false representation, the owner parted with the possession of its property; and

(4) That the property taken was worth $200.00 or more.

■ However, we find that the error in failing to instruct the jury regarding the passage of title was harmless.

> The crux of the harmless error analysis is whether the defendant received a fair trial on the merits and substantial justice has been achieved. When an error at trial has affected the verdict, the defendant has been deprived of a fair trial on the merits and substantial justice has not been achieved.

*Timmons v. Commonwealth*, 15 Va. App. 196, 199, 421 S.E.2d 894, 896 (1992). *See also Lavinder v. Commonwealth*, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc). "An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same." *Lavinder*, 12 Va. App. at 1005, 407 S.E.2d at 911. The issue, then, is whether the erroneous jury instruction affected the jury's verdict so as to deprive Davies of a fair trial. We hold that it did not.

In support of his contention that the erroneous instruction constitutes reversible error, Davies cites *Baker v. Commonwealth*, 225 Va. 192, 300 S.E.2d 788 (1983), where the Court reversed a conviction for false pretenses because the jury was not instructed that the passage of title was an element of the crime. However, Davies' reliance on *Baker* is misplaced because that case involved the larceny of an automobile. Generally, title to a motor vehicle passes upon transfer of the certificate of title. *Nationwide Ins. Co. v. Storm*, 200 Va. 526, 529, 106 S.E.2d 588, 590 (1959). By comparison, in a retail sales transaction involving goods of the nature at issue here, title passes upon the seller's delivery of the goods. Code § 8.2-401(2).[2] In *Quidley*, the Court held that the crime of larceny by false pretenses was complete at the instant Quidley obtained ownership of the clothing from the store through the use of fraudulent documents, which occurred upon the store's delivery and Quidley's possession of the goods. 221 Va. at 966, 275 S.E.2d at 625.

At trial, Davies did not dispute that he obtained possession of the electronics equipment from Circuit City and Luskins. The evidence

---

[2] Code § 8.2-401(2) provides, in pertinent part: "Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods."

produced at trial showed that on the basis of the fraudulent information provided in the credit applications, Luskins and Circuit City sold Davies this electronics equipment on credit. At both stores, the property was delivered to Davies, who took possession of the property and left the store with the property. Thus, the evidence produced at trial showed that Davies obtained ownership, or "title," of the property by false pretenses upon the sellers' delivery and Davies' simultaneous receipt of the goods. Consequently, because the undisputed evidence established as a matter of law that ownership (albeit voidable because of his fraud) of the goods passed to Davies, the erroneous instruction did not affect the verdict. *Compare Baker*, 225 Va. at 194, 300 S.E.2d at 789 (no evidence presented that the dealership passed title to the vehicle). We hold, therefore, that the trial court's refusal to instruct the jury that "title" to the property must pass was harmless error.

Moreover, we find Davies' contention that the evidence was insufficient to prove that title to the property had passed to be without merit. As we have already found, ownership, or title, to the equipment that Davies purchased from the two stores passed upon delivery of the goods to him. The evidence is undisputed that Davies left Circuit City and Luskins in possession of two camcorders, a tripod and a car stereo. Because Davies had both possession of and title to the goods when he received them, the evidence clearly supports his convictions.

For these reasons, the convictions for larceny by false pretenses are affirmed.

*Affirmed.*

Barrow, J., and Willis, J., concurred.