COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia

STEPHEN CONSTANTINE, S/K/A
 STEVEN CONSTANTINE

v.   Record No. 0184-95-2          MEMORANDUM OPINION* BY
                                     JUDGE MARVIN F. COLE
   COMMONWEALTH OF VIRGINIA              FEBRUARY 27, 1996

          FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                  William R. Shelton, Judge

        Edwin Gadberry, III, for appellant.

        Richard Rizk, Assistant Attorney General
        (James S. Gilmore, III, Attorney General;
        Monica S. McElyea, Assistant Attorney
        General, on brief), for appellee.


     The appellant, Stephen Constantine, was convicted in a bench

trial of grand larceny by false pretenses in violation of Code

§ 18.2-178.  He contends that the evidence is insufficient to

support his conviction.  We agree and reverse.

     On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.  The judgment of a trial

judge sitting without a jury is entitled to the same weight as a

jury verdict and will not be set aside unless it appears from the

evidence that the judgment is plainly wrong or without evidence

to support it.  Josephs v. Commonwealth, 10 Va. App. 87, 99, 390

S.E.2d 491, 497 (1990) (en banc).  However, we cannot disregard

---

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

credible, unimpeached evidence of the Commonwealth which exculpates the defendant and creates a reasonable doubt. <u>Harward v. Commonwealth</u>, 5 Va. App. 468, 479, 364 S.E.2d 511, 516 (1988).

The only witness for the Commonwealth was Calvin T. Eaves. Eaves testified that the defendant was a mobile service mechanic, who had done work for him. He considered him a good mechanic. Eaves's son owned a car that needed a major overhaul. Eaves contacted the defendant on May 9, 1994, about this work, and wrote him a check in the amount of five hundred dollars, the amount the defendant said he needed.

About two days later, the defendant called Eaves and advised him that the engine in the car was in worse shape than he thought. The defendant advised Eaves that he needed another engine to work with and needed another two hundred and twenty-five dollars. Eaves gave him an additional check for this amount.

According to the testimony of Eaves, the defendant towed the car to a place where he was working. Then he towed it to another location. No work was done on the car and Eaves finally lost contact with him, although he called frequently and left his number.

On cross-examination, Eaves testified that he contacted the defendant a couple of times, but defendant would not return calls. Finally, defendant's phone was disconnected and Eaves lost contact. Eaves stated the defendant gave an excuse that he

had moved to a new location, had gotten a lot of work to do, and had not gotten to Eaves's car yet. Eaves testified that his only problem with the defendant was that the work was not done and that neither he nor the car could be found. These events occurred over a period of six weeks to two months. Eaves finally contacted the police and criminal charges were commenced. On or about the time the matter came up in court, the defendant refunded all of the money and returned the car.

The defendant testified that he received the five hundred dollar check and towed the car to an inside garage. He found that the engine was so far gone that the car needed another engine. He obtained another engine from Eaves, but this engine's camshaft was bad. He was given two hundred twenty-five dollars to secure another camshaft.

The defendant admitted that he did not repair the car and did not keep in contact with Eaves. He said his mobile service was not working and a friend decided to put him in a four-bay garage. The friend got into trouble and shut down the garage. During this time he received more business than he could handle and he admitted that he was unable to keep proper contact with all of his customers. He testified that he fully expected to repair the car and made no misrepresentations to Eaves, except he was unable to do the work as quickly as he had promised. He stated that when he received the checks, he deposited them into his bank account and did not intend to take advantage of or

3

defraud anyone.

In order to convict a person of larceny by false pretenses, the Commonwealth must prove four elements of the offense: (1) an intent to defraud; (2) an actual fraud; (3) use of false pretenses for the purpose of perpetrating the fraud; and (4) the false pretenses induced the owner to part with his property. Quidley v. Commonwealth, 221 Va. 963, 965, 275 S.E.2d 622, 624 (1981); Bourgeois v. Commonwealth, 217 Va. 268, 272, 227 S.E.2d 714, 717 (1976); Wynne v. Commonwealth, 18 Va. App. 459, 460, 445 S.E.2d 160, 161 (1994) (en banc).

> The fraud is accomplished by means of the false pretenses where the false pretenses to some degree induced the owner to part with his property.  The false pretense must be a representation as to any existing fact or past event.  Merely showing that the accused knowingly stated what was false is not sufficient; there also must be proof that his intent was to defraud and that the fraudulent intent existed at the time the false pretenses were made.  The conduct or representation of the accused may be considered to determine whether the intent to defraud existed at the time the act was committed.

Grites v. Commonwealth, 9 Va. App. 51, 56, 384 S.E.2d 328, 331 (1989).

Under these principles, for one to be guilty of the crime of larceny by false pretenses, he must make a false representation of an existing or past fact with knowledge of its falsity and, on that basis, obtain from another person money or other property which may be the subject of larceny, with the intent to defraud.

4

We find that the Commonwealth's evidence does not meet these criteria.

The evidence in this case does not establish any false representation of an existing fact made by the defendant with knowledge of its falsity. In effect, no fraud has been shown by the Commonwealth. The evidence does not show any misrepresentation that induced Eaves to part with the two checks. He sought out the defendant to do the work on the car because the defendant had previously done work for him and he considered the defendant to be a good mechanic. The second check was given because the replacement engine required a new camshaft. These facts are undisputed. The defendant admits to subsequent bad business practices, but this does not constitute larceny by false pretenses. Furthermore, no evidence showing an intent to defraud is present in this record.

"Whether a criminal conviction is supported by evidence sufficient to prove guilt beyond a reasonable doubt is not a question of fact but one of law. A conviction based upon a mere suspicion of guilt or probability of guilt, however strong, cannot stand." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601-02 (1986).

The Commonwealth's evidence does not establish fraud, intent to defraud or that the victim was induced to part with the checks because of false representations. The Commonwealth's evidence is consistent with the defendant's innocence. Therefore, the

5

evidence shown in this record as a matter of law is insufficient to establish the defendant's guilt beyond a reasonable doubt.

For these reasons, the conviction is reversed, the indictment dismissed and final judgement is entered in favor of the defendant.

<u>Reversed and dismissed.</u>