COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


WARREN GRAFTON POPE, JR.
                                        MEMORANDUM OPINION[*] BY
v.   Record No. 0692-96-1              JUDGE WILLIAM H. HODGES
                                          JANUARY 14, 1997
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                  Fred W. Bateman, Judge Designate

          Damian T. Horne (Horne, West & McMurtrie, on
          brief), for appellant.

          Margaret Ann B. Walker, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     The appellant, Warren Grafton Pope, Jr., was convicted of

obtaining money by false pretenses in violation of Code

§ 18.2-178.  On appeal, appellant contends that there was

insufficient evidence to prove (1) a false representation

inducing the victim to part with his money, and (2) a fraudulent

intent.  We disagree and affirm.

                                I.

     "On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom."  Martin v. Commonwealth,

4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

     At appellant's October 10, 1995 bench trial, Rudolph

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Heinatz, Jr., testified that, while employed at Quinn Motors in December 1993, he was introduced to appellant. Appellant went by the name "Todd." Appellant told Heinatz that he "had once owned a trucking company in Pennsylvania," and, as a result, he "had the opportunity when someone would default on some over-the-road tractors that he could pick them up, resell them, and make a few bucks and that on previous occasions he'd asked some friends of his, always worked out well." Appellant told Heinatz, "If it comes up, I'll call you," and Heinatz "said, Fine."

On December 17, 1993, appellant called Heinatz to say that "he had an opportunity to buy ten over-the-road tractors . . . for $210,000 or $21,000 each and he could resell them for $39,800 each." Appellant said that "he needed" a ten percent advance in order for the bank to issue "a note for the total amount," and appellant represented that "[h]e had $11,500 he could put in if [Heinatz] could put in $9,500." Appellant represented that "he would do everything else and he would split whatever the profit was with me." Appellant said that "he was going to make the deal in Richmond, but that he had to fly to Texas on January 15th [1994] to consummate the deal."

At some point after January 15, 1994, appellant called Heinatz "and said that everything was being taken care of. There was a little snag in negotiations, but it was not a problem, don't worry about it." Later, appellant told Heinatz that "the IRS was clamping down on bank accounts, so he was going to be

2

unable to give [Heinatz his] half of" the money.  Appellant visited Heinatz's office on March 6, 1994, and said "that the IRS was now okay, he'd have my money for me in 10 days."

Heinatz never received any money, and he eventually sued appellant to recover it.  In December 1994, appellant responded under oath to interrogatories propounded by Heinatz's attorney. Heinatz "asked [appellant] what he had done with my money, and [appellant] said he had used my money to pay somebody else from a similar circumstance; that he had never made a trip to Texas."

## II.

"If any person obtain, by any false pretense or token, from any person, with intent to defraud, money or other property which may be the subject of larceny, he shall be deemed guilty of larceny thereof . . . . "  Code § 18.2-178.

"To sustain a conviction of larceny by false pretenses, the Commonwealth must prove: (a) that the accused intended to defraud; (b) that a fraud actually occurred; (c) that the accused used false pretenses to perpetrate the fraud; and (d) that the false pretenses induced the owner to part with his property." Wynne v. Commonwealth, 18 Va. App. 459, 460, 445 S.E.2d 160, 161 (1994) (en banc) (citation omitted).  See also Quidley v. Commonwealth, 221 Va. 963, 965, 275 S.E.2d 622, 624 (1981); Bourgeois v. Commonwealth, 217 Va. 268, 272, 227 S.E.2d 714, 717 (1976); Hubbard v. Commonwealth, 201 Va. 61, 65-66, 109 S.E.2d 100, 104 (1959).

A criminal false pretense has been defined to

3

> be "the false representation of a past or existing fact, whether by oral or written words or conduct, which is calculated to deceive, intended to deceive, and does in fact deceive, and by means of which one person obtains value from another without compensation."  According to the definition, the false pretense must be a representation as to an existing fact or past event.  False representations amounting to mere promises or statements of intention have reference to future events and are not criminal within the statute, even though they induce the party defrauded to part with his property.

Hubbard, 201 Va. at 66, 109 S.E.2d at 104 (citation omitted).

The Commonwealth must prove that the accused knowingly stated what was false and that he possessed an intent to defraud when he made the representation.  Riegert v. Commonwealth, 218 Va. 511, 518, 237 S.E.2d 803, 808 (1977) (citing Trogdon v. Commonwealth, 72 Va. (31 Gratt.) 862, 872 (1878)).  "[M]erely showing that the accused knowingly stated what was false is not sufficient; there must also be proof that his intent was to defraud."  Riegert, 218 Va. at 518, 237 S.E.2d at 808.

Proof of an intent to defraud may be shown by circumstantial evidence, which is as acceptable to prove guilt as direct evidence, and, in some cases, it "is practically the only method of proof."  Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980), cert. denied, 450 U.S. 1029 (1981).  "The conduct or representation of the accused may be considered to determine whether the intent to defraud existed at the time the act was committed."  Grites v. Commonwealth, 9 Va. App. 51, 56, 384 S.E.2d 328, 331 (1989) (citing Riegert, 218 Va. at 518-19,

4

237 S.E.2d at 807-08).

Appellant represented to Heinatz that, in the past, his friends had invested money in similar ventures and all of those ventures were successful. Later, appellant stated that he had located ten trucks to purchase, that he had $11,500 to invest, and that he had arranged for a bank note contingent on Heinatz's $9,500 contribution.

Appellant's statement under oath that he converted Heinatz's money to pay someone "from a similar circumstance" indicated that appellant's prior investments did not "always work[] out well." It was also relevant evidence from which the fact finder could reasonably infer that appellant had employed the truck-purchasing scheme in the past. See Hubbard, 201 Va. at 66, 109 S.E.2d at 105 (finding that defendant's false representation that his business was sound and that he had arranged for a loan a sufficiently false statement of past or existing fact). Because appellant misrepresented that prior ventures were always successful, the Commonwealth sufficiently proved that appellant made a false representation of a past or existing fact.

As to whether the Commonwealth proved appellant's fraudulent intent, we look to his conduct and representations. Although appellant told Heinatz that he had to go to Texas to consummate the deal, he admitted during interrogatories that he never travelled to Texas. Also, appellant falsely assured Heinatz not to worry, that he had taken care of everything, and that Heinatz

5

would receive his money by March 16, 1994. Heinatz did not, however, receive any money from appellant because appellant converted it to pay another dissatisfied investor. These misleading and false statements by appellant clearly showed his fraudulent intent. Moreover, the fact that appellant had similarly defrauded others also established his fraudulent intent. See id. at 67, 109 S.E.2d at 105 (finding that perpetration of similar frauds on others was probative of fraudulent intent).

Therefore, we find that the Commonwealth's evidence was sufficient to prove beyond a reasonable doubt that appellant made false representations and that he did so with the requisite fraudulent intent. Accordingly, we affirm appellant's conviction.                                          Affirmed.