COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Frank and Senior Judge Hodges
Argued at Salem, Virginia


CALVIN LEE MILLER

MEMORANDUM OPINION[*] BY
v.     Record No. 2774-98-3     JUDGE SAM W. COLEMAN III
DECEMBER 7, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Robert P. Doherty, Jr., Judge

Harry W. Brown for appellant.

Shelly R. James, Assistant Attorney General
(Mark L. Earley, Attorney General; Robert H.
Anderson, III, Assistant Attorney General, on
brief), for appellee.


Calvin Lee Miller was convicted in a bench trial of obtaining

property by false pretenses in violation of Code § 18.2-178. On

appeal, Miller contends that the trial court erred in permitting

the Commonwealth to amend the indictment and that the evidence was

insufficient to support the conviction. For the following

reasons, we affirm the conviction.

BACKGROUND

On January 26, 1998, Miller purchased a laptop computer from

Computer Renaissance, Inc., a computer store owned and operated by

John Callan Garst. The computer, valued at approximately $650,

---

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

was purchased with a check.  Garst did not sell the computer to Miller or otherwise participate in the transaction, but he stood fifteen to twenty feet from the salesperson who sold Miller the computer.  Although Garst did not see the check that Miller gave to the salesperson, the check that was returned from the bank corresponded to the check that was recorded in the point of sale cash register system.  Shortly after Miller purchased the computer, the bank upon which the check had been drawn notified Garst that the check would be dishonored because the account did not exist.  Garst telephoned Miller on more than one occasion to discuss payment for the computer.  Garst also sent Miller a certified letter requesting payment.  Garst testified that Miller acknowledged passing the check and that he would "make it good." However, Miller never honored the check.

## ANALYSIS

### Amendment of the Indictment

Miller contends that the trial court erred in allowing the Commonwealth to amend the indictment at the close of its case-in-chief.  Miller argues that he was unable to adequately prepare a defense to the charge as amended.  Miller further argues that because the amendment was a surprise, he should have been afforded an opportunity to continue the case for a reasonable time as required by Code § 19.2-231.

Here, the original indictment charged that Miller "unlawfully and feloniously, with intent to defraud, obtain[ed] money or personal property in the amount of $200 or more by false pretenses from John Callan Garst, with the intent to defraud."  At the close of the Commonwealth's case, Miller moved to strike the evidence arguing, inter alia, that the indictment alleged that the victim was Garst rather than Computer Renaissance, Inc., the party to whom the check was made.  The trial court permitted the Commonwealth to amend the indictment to reflect that the victim was Computer Renaissance, Inc.  Miller, however, failed to object to the trial court's ruling allowing the Commonwealth to amend the indictment.  Further, Miller did not argue that he should be rearraigned, and he did not request a continuance.  We will not consider for the first time on appeal an issue not preserved in the trial court.  See Rule 5A:18.

### Sufficiency of the Evidence

Miller argues that the evidence was insufficient to support his conviction because Garst's testimony was "inherently unbelievable."  He argues that Garst did not have an independent recollection of the transaction and that during questioning Garst exhibited some confusion regarding the details of the transaction.

On review of a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth and grant to it all reasonable inferences fairly

deducible therefrom.  See Commonwealth v. Jenkins, 255 Va. 516, 521, 499 S.E.2d 263, 265 (1998).  "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."  Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citations omitted).  "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support it."  Beck v. Commonwealth, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986).

> To sustain a conviction of larceny by false pretenses, the Commonwealth must prove: (a) that the accused intended to defraud; (b) that a fraud actually occurred; (c) that the accused used false pretenses to perpetrate the fraud; and (d) that the false pretenses induced the owner to part with his property.

Wynne v. Commonwealth, 18 Va. App. 459, 460, 445 S.E.2d 160, 161 (1994) (en banc) (citing Riegert v. Commonwealth, 218 Va. 511, 518, 237 S.E.2d 803, 807 (1977)).  "The gravamen of the offense . . . is the obtainment of ownership of property, by false representations or pretenses."  Quidley v. Commonwealth, 221 Va. 963, 966, 275 S.E.2d 622, 624-25 (1981) (citations omitted).

The evidence in the light most favorable to the Commonwealth demonstrates that Miller purchased a laptop computer valued in excess of $200 from Computer Renaissance, Inc. with a check he

- 4 -

knew would not be honored by the bank.  In a telephone conversation with Garst, Miller acknowledged that he passed the check and that he would pay for the computer.  Miller, however, neither paid for the computer, nor did he return it.

In order for a witness' testimony to be disregarded as a matter of law, the evidence must be inherently incredible or the witness' account of the events must be so contrary to human experience as to be unworthy of belief.  See Owens v. Commonwealth, 186 Va. 689, 696-97, 43 S.E.2d 895, 898 (1947). Although Garst acknowledged on cross-examination that he was not absolutely clear on all of the details of the transaction and that he did not personally assist in the transaction, Garst's account of the events was not inherently incredible and the trial court was entitled to weigh this evidence in determining Garst's credibility and Miller's guilt.  See Sandoval, 20 Va. App. at 138, 455 S.E.2d at 732.  Accordingly, the evidence was sufficient to support Miller's conviction for obtaining property by false pretenses in violation of Code § 18.2-178.

Thus, we affirm the trial court's judgment.

Affirmed.