COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Coleman and Frank
Argued at Salem, Virginia


MARILYN JEAN LESTER
                                    MEMORANDUM OPINION* BY
v.    Record No. 0844-99-3          JUDGE ROBERT P. FRANK
                                         JUNE 20, 2000
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
                       Donald R. Mullins, Judge

              Mark S. Gardner (Gardner, Maupin & Sutton,
              P.C., on brief), for appellant.

              Amy L. Marshall, Assistant Attorney General
              (Mark L. Earley, Attorney General; Richard B.
              Smith, Senior Assistant Attorney General, on
              brief), for appellee.


     Marilyn Jean Lester (appellant) was found to have violated

the terms of her probation at a hearing before the trial court on

October 29, 1998.  On appeal, she contends that the trial court

erred in admitting the results of a polygraph test at the

probation revocation hearing.  We disagree and affirm the trial

court's judgment.

                        I.  BACKGROUND

     On March 5, 1998, appellant, pursuant to a plea agreement,

entered a plea of no contest to a single felony count of child

abuse involving her grandson.  The evidence established that

_____
        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

appellant chained her seven-year-old grandson to furniture to prevent his running away from home. Apparently, the child was sexually abused by appellant's husband, an offense about which appellant denied any knowledge.

The trial court imposed a sentence of five years in the penitentiary, suspended the entire sentence, placed appellant on indefinite supervised probation, and imposed a special condition that she enter a sex offender treatment or counseling program offered by the court.

A probation violation hearing was held October 29, 1998. The Commonwealth presented evidence that appellant violated the rules of her probation, specifically the condition requiring her to follow her probation officer's instructions "and be truthful and cooperative" and that she complete the sex offender counseling. There was evidence that she had been deceitful during the initial assessment in counseling because she continued to deny any knowledge of her grandson's sexual molestation and "she failed the polygraph examination."

At the hearing, a letter from the probation officer to the court, which was dated September 25, 1998, was introduced and marked as an exhibit without objection by appellant. The letter outlined appellant's progress on probation, particularly the sexual offender program. In discussing appellant's lack of participation in the sexual offender program, the probation

-

officer concluded that appellant was deceptive during the initial assessment and stated that she failed a polygraph examination.

The probation officer, Michael A. Montgomery, testified at the revocation hearing.  With no objection from appellant, Montgomery again said that appellant failed the polygraph.

The next witness was Cheryl Clayton, a counselor for a sexual offender program in Tazewell County.  Only when Clayton testified that appellant failed the polygraph, did appellant object.  The trial court allowed the testimony regarding the polygraph. Clayton further testified that, during counseling, appellant was very hostile and did not see a need to participate in the counseling.  In referring to the alleged sexual attack by her husband on her daughter, appellant contended that her husband was the victim of their daughter's seduction of her father.  Clayton stated that her conclusion that appellant was dishonest and uncooperative was not solely based on the polygraph but on the other tests and interviews.

Montgomery supported Clayton's assessment that appellant was not truthful and cooperative in complying with her special conditions of probation regarding the sexual offender counseling.

## II.  ANALYSIS

Appellant argues that polygraph results are not admissible in revocation hearings because they are not admissible in criminal trials.

-

The Commonwealth argues that, even if the results of the polygraph test are inadmissible, the trial court committed harmless error in admitting them into evidence.

Assuming without deciding that the admission of the polygraph test results was error, we must determine whether the error was harmless error.

When improper evidence is offered to establish a fact that is overwhelmingly established by other competent evidence, the improper admission of the improper evidence constitutes harmless error.  See Hall v. Commonwealth, 12 Va. App. 198, 216, 403 S.E.2d 362, 373 (1991) (citing Williams v. Commonwealth, 4 Va. App. 53, 74, 354 S.E.2d 79, 91 (1987)).  "[T]he harmless error doctrine enables an appellate court . . . to ignore the effect of an erroneous ruling when an error clearly has had no impact upon the verdict or sentence in a case."  Hackney v. Commonwealth, 28 Va. App. 288, 296, 504 S.E.2d 385, 389 (1998) (citation omitted).  An error is harmless when a "'reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same.'"  Davies v. Commonwealth, 15 Va. App. 350, 353, 423 S.E.2d 839, 840-41 (1992) (quoting Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc)).

In this case, we are satisfied the admission of the polygraph results is harmless.  The objectionable evidence was already before the court in Montgomery's letter of September 25, 1998, and

-

by the direct testimony of Montgomery.  Further, the evidence was overwhelming that appellant violated the terms of probation even without the polygraph evidence.

Because it is manifest that the introduction of the polygraph evidence had no impact on the trial court's finding, any error is harmless.  Had the polygraph results been excluded, the evidence was sufficient to revoke appellant's suspended sentence.

For the reasons stated, we affirm the judgment of the trial court.

                                                    Affirmed.

Coleman, J., dissenting.

The majority accepts or assumes for the purpose of its opinion that the trial court erred in the probation revocation hearing by admitting evidence that the defendant failed a polygraph test. Because the results of such tests are not considered reliable, I agree with the majority that the admission into evidence of polygraph test results in a probation revocation hearing is error. See Robinson v. Commonwealth, 231 Va. 142, 341 S.E.2d 159 (1986). However, I disagree with the majority that on this record the error was harmless.

The majority concludes that the error was harmless for three reasons: (1) because other evidence that Lester had failed the polygraph examination had already been admitted without objection; (2) because other evidence overwhelmingly proved that Lester was dishonest about her having no knowledge that her husband sexually abused their grandson; and (3) she violated other conditions of her probation in that she did not cooperate with counseling and the sexual abuse therapy. Although other witnesses did allude to the fact that Lester failed the polygraph examination, the testimony of Cheryl Clayton, to which the defendant timely objected, directly addressed the fact that Lester had failed the polygraph examination. In light of the Supreme Court's holding in Robinson that such evidence is unreliable, the trial court erred, in my opinion, in overruling the objection to Clayton's

-

testimony and in considering the polygraph test results.
Because the probation revocation hearing was before a trial
judge, not before a jury, the trial judge should have sustained
the objection to Clayton testifying that Lester failed the
polygraph test and, in light of the holding in Robinson, should
have disregarded the testimony of the other witnesses who
alluded to the polygraph test results.

Furthermore, I do not agree that the assumed error in
admitting the polygraph evidence was harmless.  The reason that
the court revoked Lester's probation was that she was
uncooperative with the sexual abuse counselors because she was
deceitful.  The basis for their claiming she was deceitful was
that she was being untruthful when she denied knowledge that her
husband had sexually abused their grandson.  The primary basis
for their claiming she was untruthful about her knowledge of
sexual abuse was that she failed the polygraph test.  Lester
persisted in denying knowledge of the sexual abuse.  Regardless
of the fact that other evidence may have tended to prove that
Lester knew of the sexual abuse, I cannot say on this record
that the counselors did not rely upon Lester's polygraph test
results in reporting that she was untruthful or relied upon
those results in claiming that she had violated her probation or
that the trial judge, after admitting into evidence Cheryl
Clayton's testimony concerning the polygraph results, also did

-

not rely upon the polygraph test results in finding that she violated her probation.

For these reasons, I would find that the trial judge erred by admitting the testimony concerning the polygraph test results and that the error was not harmless.  I would reverse the probation revocation and remand for such further proceedings as the Commonwealth may elect to pursue.