COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Humphreys and McClanahan
Argued at Richmond, Virginia


JAMES ANTOINE MURROW

MEMORANDUM OPINION* BY
v.      Record No. 2659-02-2      JUDGE ROSEMARIE ANNUNZIATA
JANUARY 20, 2004

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Margaret P. Spencer, Judge

Gregory W. Franklin, Assistant Public Defender (Office of the
Public Defender, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


James A. Murrow appeals his conviction in a bench trial for knowingly and intentionally

possessing a firearm after previously having been convicted of a felony in violation of Code

§ 18.2-308.2.  He claims the trial court erred by admitting an unauthenticated document to

establish his prior convictions.  For the reasons that follow, we affirm.

I.  Background

During the trial of this case, the Commonwealth sought to introduce into evidence two

exhibits proving that Murrow previously had been convicted of a felony.  The first exhibit was

marked Commonwealth's Exhibit 4.  Exhibit 4 contained two conviction and sentencing orders

establishing that Murrow had previously been convicted of driving after having been declared an

habitual offender on August 24, 1998 and October 20, 1998.  The August 24, 1998 order

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

sentenced Murrow to five years incarceration, four years suspended, and the October 20, 1998 order sentenced Murrow to three years incarceration, two years suspended. Murrow objected to the admission of Exhibit 4 on the ground that it was irrelevant because it contained inaccurate spellings of Murrow's middle name and inaccurately recited his social security number. The trial judge overruled the objection, explaining such errors in the documents went to the weight of the evidence, not to its admissibility. The admissibility of Commonwealth's Exhibit 4 is not an issue on this appeal.[1]

The second exhibit the Commonwealth introduced was marked Commonwealth's Exhibit 5. The Commonwealth explained to the trial judge that the exhibit represented Murrow's criminal record. The "record" was a "dot-matrix" printout of unknown origin.[2] It listed criminal charges filed against Murrow and the disposition of each case. Murrow objected to the admission of Exhibit 5 on the ground that the Commonwealth failed to authenticate it. The Commonwealth responded that "[t]his is authenticated. It does have that on the bottom of the record." The Commonwealth also stated that Murrow's objection "goes as to weight[,] not as to admissibility." The trial judge allowed the exhibit, explaining: "I think it's already in here. If I can take judicial notice of everything in the Court's file including the warrant, I can take judicial notice of his record. So it will be admitted into evidence."

Murrow appeals the decision of the trial court to admit Commonwealth's Exhibit 5 into evidence. He contends that the trial judge erred in concluding that she could take judicial notice of the criminal record because it was in the court's file. Without evidence of his criminal record, Murrow maintains, his conviction under Code § 18.2-308.2 should be reversed. The

---

[1] On April 24, 2003 and July 8, 2003, this Court denied Murrow's appeal with respect to Commonwealth's Exhibit 4.

[2] The Commonwealth never explained how it obtained the document, nor did it explain the document's origin. Furthermore, the document itself contains no indication of its origin.

Commonwealth contends that our decision in Taylor v. Commonwealth, 28 Va. App. 1, 502

S.E.2d 113 (1998) (en banc), specifically allows authentication of judicial records by judicial

notice.  In the alternative, the Commonwealth argues that, even if the trial court erred in allowing

Exhibit 5 into evidence, such error was harmless because Exhibit 4 established that Murrow was

a convicted felon.  Because we agree with the Commonwealth that the assigned error, if it be

error at all, was harmless, we affirm Murrow's conviction.

## II.  Analysis

When improper evidence is offered to establish a fact overwhelmingly established by

other competent evidence, the improper admission of that evidence constitutes harmless error.

See Hall v. Commonwealth, 12 Va. App. 198, 216, 403 S.E.2d 362, 373 (1991); Williams v.

Commonwealth, 4 Va. App. 53, 74, 354 S.E.2d 79, 91 (1987).  The harmless error doctrine

"enables an appellate court . . . to ignore the effect of an erroneous ruling when an error clearly

has had no impact upon the verdict or sentence in a case."  Hackney v. Commonwealth, 28

Va. App. 288, 296, 504 S.E.2d 385, 389 (1998) (citation omitted).  An error is harmless when a

"'reviewing court, can conclude, without usurping the jury's [or judge's] fact finding function,

that, had the error not occurred, the verdict would have been the same.'"  Davies v.

Commonwealth, 15 Va. App. 350, 353, 423 S.E.2d 839, 840 (1992) (quoting Lavinder v.

Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc)).

We have little trouble concluding that, even if the trial judge improperly allowed

Commonwealth's Exhibit 5, "the verdict would have been the same."  The sentencing and

conviction orders admitted in Commonwealth's Exhibit 4 clearly establish that Murrow was a

convicted felon.  Assuming, without deciding, that the trial court erred in admitting Exhibit 5, we

conclude such error was harmless. We hold therefore that the Commonwealth's evidence was

sufficient to prove beyond a reasonable doubt that appellant was guilty of possession of a firearm by a convicted felon.  Accordingly, we affirm Murrow's conviction.

Affirmed.