COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Fitzpatrick, Judges Elder and Annunziata
Argued at Chesapeake, Virginia


TYRONE EDWARD ELEY

                                                    MEMORANDUM OPINION[*] BY
v.          Record No. 1776-03-1            JUDGE ROSEMARIE ANNUNZIATA
                                                    NOVEMBER 9, 2004

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
James A. Cales, Jr., Judge

Sonya A. Weaver (Weaver Law Offices, on brief), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on brief), for appellee.


Tyrone Edward Eley appeals his conviction under Code § 18.2-255 for possession of

cocaine with the intent to distribute to a minor. He contends that the trial court erred in

admitting hearsay evidence of his age and of the age of the minor, James Chandler, to whom he

distributed cocaine. We find no error and affirm.

I.  Background

During the trial of this case, the Commonwealth introduced, over Eley's hearsay

objection, a juvenile court petition showing Chandler's date of birth as February 2, 1986.

Additionally, the Commonwealth elicited testimony from the arresting officer who stated that

"one of the individuals" to whom he witnessed Eley distribute cocaine "was a juvenile and he

was later identified by his aunt and I took him to intake where they had prior information on

him." Eley objected to the officer's testimony on the ground that it constituted hearsay.

_____
    [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The arresting officer also testified that Eley was 54 years old at the time of the offense. The officer stated that he learned Eley's age and date of birth from his identification card. Eley objected on the ground that the officer's testimony constituted hearsay. After overruling Eley's hearsay objection, the trial judge stated, "Just to be sure we're talking about the right person, during the preliminary questioning this morning, Mr. Eley gave his birth date as 5/16/48. Is that the date you have?" Eley's defense counsel responded, "Yes, your Honor."

Eley was convicted of violating Code § 18.2-255, sentenced to ten years in prison, five years suspended, and fined $500. This appeal followed.

## II. Analysis

### A. The Juvenile Court Petition was Properly Admitted pursuant to Code § 8.01-389

Code § 8.01-389 provides, in part: "A. The records of any judicial proceeding and any other official records of any court of this Commonwealth shall be received as prima facie evidence provided that such records are authenticated and certified by the clerk of the court where preserved to be a true record." This code section establishes an exception to the hearsay rule provided that the official records sought to be introduced are properly authenticated. See Taylor v. Commonwealth, 28 Va. App. 1, 11, 502 S.E.2d 113, 117 (1998). Eley does not challenge the authenticity of the juvenile court petition on appeal.[1] Indeed, Eley does not contend that the juvenile court petition was not an official or judicial record. Eley solely argues that the juvenile court petition is not reliable. We reject Eley's contention because the legislature has determined that official records are reliable and "shall be received as prima facie evidence" if

---

[1] Neither does Eley complain that the juvenile petition was a copy, not the original. Copies of official documents are admissible so long as they are properly authenticated. See Code § 8.01-391(B), (C).

properly authenticated. Code § 8.01-389. Accordingly, we hold that the trial court did not err in admitting the juvenile court petition to prove Chandler's age.[2]

### B. Any Error in Admitting Hearsay Testimony of Eley's Age was Harmless

We reject Eley's challenge to the arresting officer's testimony regarding his age because, even if erroneously admitted, it was harmless. Other evidence provided sufficient grounds from which the trial court could deduce Eley's age.

The harmless error doctrine "enables an appellate court . . . to ignore the effect of an erroneous ruling when an error clearly has had no impact upon the verdict or sentence in a case." Hackney v. Commonwealth, 28 Va. App. 288, 296, 504 S.E.2d 385, 389 (1998) (citation omitted). An error is harmless when a "'reviewing court, can conclude, without usurping the jury's [or judge's] fact finding function, that, had the error not occurred, the verdict would have been the same.'" Davies v. Commonwealth, 15 Va. App. 350, 353, 423 S.E.2d 839, 840 (1992) (quoting Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc)).

Here, we have little difficulty concluding that the verdict would have been the same in the absence of the arresting officer's testimony because other evidence established beyond a reasonable doubt that Eley was over eighteen years of age. First, Eley's counsel conceded to the trial court that Eley identified his date of birth as May 16, 1948 during the preliminary proceedings. Second, Eley's presence during the trial afforded the trial court an opportunity to determine his approximate age. See Bloom v. Commonwealth, 34 Va. App. 364, 371, 542 S.E.2d 18, 21 (2001) (noting that a "[a] person's physical appearance may be considered as

---

[2] We need not address Eley's hearsay objection to the arresting officer's testimony because the juvenile court petition provided sufficient evidence from which the trial court could conclude that Chandler was a juvenile when Eley distributed cocaine to him. As such, assuming the admission of the arresting officer's testimony was error, it was harmless. See infra Part II.B.

proof" of his age (citing <u>Jewell v. Commonwealth</u>, 8 Va. App. 353, 356, 382 S.E.2d 259, 261 (1989))).  From this evidence, the trial court could reasonably conclude that Eley was over eighteen years of age as required by Code § 18.2-255.  Thus, any error in admitting the challenged hearsay testimony to establish Eley's age was harmless.

For the foregoing reasons, Eley's conviction is affirmed.

<u>Affirmed</u>.