COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McClanahan and Senior Judge Bumgardner
Argued at Richmond, Virginia


ERIC L. FRANCIS

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 3182-06-1              JUDGE RUDOLPH BUMGARDNER, III
                                                       MAY 6, 2008
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                        Westbrook J. Parker, Judge

        Stacie A. Cass, Assistant Appellate Defender II, for appellant.

        Josephine F. Whalen, Assistant Attorney General II (Robert F.
        McDonnell, Attorney General, on brief), for appellee.


        Eric L. Francis appeals his convictions of feloniously receiving stolen property and two

counts of obtaining money by false pretenses, misdemeanors.  The Commonwealth concedes the

evidence failed to prove the value of the stolen property was $200 or more, so we reverse the felony

conviction.  We find the evidence was sufficient to sustain both misdemeanor convictions.

However, we grant leave for the trial court to consider whether those sentencing orders contain

clerical errors in recording the judgment rendered, Code § 8.01-428(B).

        We examine the evidence in the light most favorable to the Commonwealth, granting to it

all reasonable inferences fairly deducible therefrom.  See Haskins v. Commonwealth, 31

Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999).  The defendant's wife worked as an assistant

manager at Holiday Food Store on Pruden Boulevard in Suffolk.  At 6:33 a.m., she took three

packs of lottery tickets from storage, activated them, but never displayed them for sale.  The

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

tickets were never sold by the store. When a pack of tickets has been activated, any winning ticket in the pack can be redeemed at any lottery location.

At 4:00 p.m. the same day, the defendant redeemed all the winning tickets from one of the packs at a Kangaroo Express store in Suffolk. He received $105 cash from that store. About twenty minutes later at a different convenience store, a Holiday Food Store, he redeemed all the winning tickets from a second pack of tickets activated by his wife. The defendant again received $105 cash.

The indictment charged that the defendant received stolen property of a value of $200 or more. The defendant asserts the Commonwealth did not prove the value of the stolen property he received was $200 or more. The Commonwealth concedes the evidence is insufficient to prove the felony conviction because of the holding in Hunt v. Commonwealth, 46 Va. App. 25, 614 S.E.2d 668 (2005). Hunt held the value of a stolen lottery ticket was the value of the paper on which it was printed, not its redemption value. Id. at 35, 614 S.E.2d at 672. We reverse the defendant's conviction of the felony and remand for sentencing on the lesser-included misdemeanor.

The warrants charged the defendant with obtaining money by false pretenses from Kangaroo Express and Holiday Food Stores. The defendant maintains the Commonwealth's proof was at variance with the charges. He argues that the Virginia State Lottery was the actual victim of the crimes because ultimately it reimbursed the stores for the money paid out in winnings.

In Quidley v. Commonwealth, 221 Va. 963, 275 S.E.2d 622 (1981), the defendant used a forged welfare purchase order to obtain merchandise from a store. Ultimately, the welfare department reimbursed the store for its loss. The Virginia Supreme Court rejected Quidley's argument that the welfare department was the defrauded victim rather than the store.

> The crime is complete when the fraud intended is consummated by obtaining the property sought by means of the false representations, and the offense is not purged by ultimate restoration or payment to the victim. It is sufficient if the fraud of the accused has put the victim in such a position that he may eventually suffer loss.

Id. at 966, 275 S.E.2d at 625.

In this case, the defendant presented stolen, winning lottery tickets to two different stores. Each store paid the defendant in cash from its own funds. As in Quidley, each of the crimes of obtaining money by false pretenses was then complete. See id. Although the Lottery reimburses for money paid for winning tickets, the stores sustained a loss of cash funds when they paid the defendant for stolen tickets. The cash in the till did not belong to the Lottery even though it was contractually obligated to reimburse its agents when they paid winners. No variance existed between the warrants and the proof presented at trial.

The defendant maintains that the sentencing orders do not reflect the actual sentence pronounced by the trial court. Code § 8.01-428(B)[1] provides the remedy sought, but the claim is properly addressed to the trial court. We grant leave for it to consider the defendant's motion and remand for that purpose.

---

[1] Code § 8.01-428(B) provides:

> Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order. During the pendency of an appeal, such mistakes may be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending such mistakes may be corrected with leave of the appellate court.

We reverse the defendant's felony conviction for receiving stolen property and remand for sentencing as a misdemeanor. We affirm his misdemeanor convictions, but grant leave to consider whether clerical errors exist in the final sentencing orders.

<u>Affirmed in part,</u>
<u>reversed and remanded in part.</u>