COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Beales and Senior Judge Bumgardner
Argued at Alexandria, Virginia


HOWARD DAVID DEINER

                                          MEMORANDUM OPINION[*] BY
v.       Record No. 0424-11-4        JUDGE RUDOLPH BUMGARDNER, III
                                             APRIL 10, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
William T. Newman, Jr., Judge

      Cary S. Greenberg (Caroline E. Costle; Greenberg Costle, PC, on
      briefs), for appellant.

      Craig W. Stallard, Assistant Attorney General (Kenneth T.
      Cuccinelli, II, Attorney General, on brief), for appellee.


      Howard David Deiner appeals four convictions of obtaining money by false pretenses,

Code § 18.2-178.[1] He contends the evidence did not prove beyond a reasonable doubt that he

made false representations or that he had the intent to defraud.  Concluding the evidence was

sufficient to sustain the convictions, we affirm.

      "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

---

      [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

      [1] Code § 18.2-178 states,

            If any person obtain, by any false pretense or token, from any
            person, with intent to defraud, money, a gift certificate or other
            property that may be the subject of larceny, he shall be deemed
            guilty of larceny thereof; or if he obtain, by any false pretense or
            token, with such intent, the signature of any person to a writing,
            the false making whereof would be forgery, he shall be guilty of a
            Class 4 felony.

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

The defendant was admitted to practice law in the District of Columbia in 1984. The D.C. Bar suspended his license for non-payment of dues from December 3, 2005, until April 13, 2009, which encompassed the entire period of the crimes charged. The defendant was never licensed to practice law in Virginia.

In 2006 through 2009, the defendant represented four families and their children who were seeking special education placements pursuant to Code § 22.1-214. Each of the parents sought an attorney to represent them before the school board and through any administrative or judicial appeals that became necessary. The parents signed "retainer" agreements in which the defendant specified he was to represent them as an attorney.

One of the defendant's retainer agreements stated,

> We hereby retain Howard D. Deiner, Esq. as the attorney to represent us in all matters relating to special education matters . . . . In consideration of our attorney's agreement to represent us, we agree to pay an hourly rate of $275.00 for all legal services provided by our attorney.

Two other retainer agreements stated,

> We hereby retain Howard D. Deiner, Esq., as the attorney to represent us in education matters relating to our son . . . . In consideration of our attorney's agreement to represent us, we agree to pay $600.00 [or $700.00] for an initial consultation and an hourly rate of $295.00 [or $285.00] for all legal services provided by our attorney.

The defendant represented, and retainer agreements noted, that the parents would be entitled to an award of attorney's fees if they were successful. The defendant testified he charged all four families "attorney's fees," rather than advocate fees. All the victims testified the defendant held himself out as an attorney and they sought legal services, not the services of an

advocate.  All the victims testified they paid the defendant for legal representation believing he was an attorney.

The defendant used letterhead and business cards giving a Virginia address and identifying himself as an attorney at law.  The defendant signed his emails and letters "Howard D. Deiner, Esq."  His email address used the domain name of "howarddeineresq.com."  When he appeared at a hearing or filed a brief, the defendant identified himself as "counsel" for the party. In one case, he did file a complaint in the United States District Court for the Eastern District of Virginia as counsel for the complainant.

The defendant argues that the evidence failed to prove he made false representations.

> In order to sustain a conviction for larceny by false pretenses, the Commonwealth must prove:  "(1) an intent to defraud; (2) an actual fraud; (3) use of false pretenses for the purpose of perpetrating the fraud; and (4) accomplishment of the fraud by means of the false pretenses used for the purpose, that is, the false pretenses to some degree must have induced the owner to part with his property."  In this context, the false pretense must be a representation as to any existing fact or past event.  But merely showing that the accused knowingly stated what was false is not sufficient; there must also be proof that his intent was to defraud.
>
> Furthermore, the fraudulent intent must have existed at the time the false pretenses were made, by which the property was obtained.  And in order to determine whether the intent to defraud existed at the time the act was committed, the conduct and representations of the accused must be examined, since intent is "a secret operation of the mind."

Riegert v. Commonwealth, 218 Va. 511, 518-19, 237 S.E.2d 803, 807-08 (1977) (citations omitted).

Essentially, the defendant maintains that he was a lawyer because he had gone to law school, had been licensed to practice in the District of Columbia, and could have had his license reinstated upon payment of dues.  While the defendant raises this argument for the first time on

- 3 -

appeal, and we will not consider an argument not presented to the trial court,[2] we note the assertion is misleading. In each case the parents retained the defendant because they sought an attorney who could represent them in court if necessary. Only an attorney licensed to practice in Virginia could do that. The defendant's argument does not address the facts; he was never licensed to practice before the courts in Virginia but represented that he was.

The defendant also asserts the evidence was not sufficient to prove he had an intent to defraud because Code § 22.1-214[3] permits representation by lay advocates. He argues that since he could act as a lay advocate without being a licensed attorney, he did not have an intent to defraud. The defendant further maintains his legal training and experience, and the services performed, demonstrated that he did not intend to defraud the victims.

This argument disregards what the defendant actually did. The parties did not seek to employ a lay advocate, and the defendant did not represent himself to the parties as such. They each, clearly and explicitly, explained they wanted an attorney for services that only an attorney licensed in this Commonwealth could provide. They contracted and paid for such services, and thought and expected that was what they were receiving. For example, Kathleen Ujvari testified that her family thought "we were hiring him as an attorney."

In this case, the fraud perpetrated by the defendant was holding himself out as an attorney, knowing the families wanted legal representation, so that he could obtain payment of the higher fees associated with an attorney rather than an advocate. That the defendant intended

---

[2] "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. The defendant does not argue that we should invoke the exceptions to that rule for good cause or the ends of justice, and the record does not reflect any reason to do so.

[3] Code § 22.1-214(C) provides: "The parents and the school division shall have the right to be represented by legal counsel or other representative before such hearing officer without being in violation of the provisions of § 54.1-3904."

to provide the services does not negate the fraud of presenting himself as an attorney at law when he knew that he was not licensed to practice law.  The defendant perpetuated the fraud through his letterhead, email address, filings, retainer agreements, and by entering appearances as "counsel" to the families.  Indeed, the defendant conceded at trial that it was a fair inference from the facts to assume he was an attorney.

"The crime is complete when the fraud intended is consummated by obtaining the property sought by means of the false representations . . . ."  Quidley v. Commonwealth, 221 Va. 963, 966, 275 S.E.2d 622, 625 (1981) (citation omitted).  This fraud was complete when the defendant falsely represented he was an attorney and the families paid him his legal fees.  It was a false representation of an existing fact, not a promise of future performance.  How well the defendant performed services for the family does not alter the fact that he was not what he held himself out to be.

The false pretense the defendant perpetrated on these families caused each of them to pay the defendant.  The trial court had sufficient evidence that the defendant obtained money from each of the families through the false pretense that he was an attorney licensed to practice in Virginia and that he had the requisite intent to defraud at the time the false representations were made.  "[T]he judgment of the trial court shall not be set aside unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it."  Code § 8.01-680.  Accordingly, we affirm each of the four convictions.

Affirmed.